IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

KRISTIN KUELBS, *by her*  PLAINTIFF
*Guardian* KIM HILL

vs.                     Civil No. 6:09-cv-6097

DONALD HILL, and   DEFENDANTS
EDWARDENA HILL, *et al*

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

**BEFORE** the Court is Plaintiff's Motion to Dismiss Amended Counterclaim and Third Party Complaint. (Doc. No. 35). On April 14th, 2010, Defendants responded to this motion. (Doc. No. 50). On April 26th, 2010, Defendants filed a supplemental response to this motion. (Doc. No. 73). On May 20th, 2010, the Court conducted a hearing on this motion. This motion was referred to this Court by the Honorable Robert T. Dawson pursuant to 28 U.S.C. § 636(b)(1) for the purpose of making a report and recommendation.

### 1. Background

This is a dispute involving claims of conversion, unjust enrichment, outrage, intentional infliction of emotional distress, and fraud**.** On April 5th, 2010, Plaintiff filed her Motion to Dismiss Amended Counterclaim and Third Party Complaint. (Doc. No. 35). Through this motion, Plaintiff seeks to dismiss the Amended Counterclaim and Third Party Complaint filed by Defendants on March 25, 2010. (Doc. No. 32).

In response, Defendants opposes Plaintiff's attempt to dismiss the Amended Counterclaim and Third Party Complaint. (Doc. No. 50).

## 2. Discussion

### A. Counterclaim

On March 25, 2010, Defendants filed their Answer to Amended Complaint, Counterclaim, and Third Party Complaint. (Doc. No. 32). Defendants counterclaim includes causes of action based on malicious prosecution, abuse of process, defamation, false light invasion of privacy, breach of contract, intentional infliction of emotional distress, tort of outrage, interference with a contractual right, fraud and deceit, and constructive fraud. (Doc. No. 32, Pgs. 15-25). Defendant's named as Counter Defendants the following: (a) Kim Hill; (b) Kristen Kuelbs; (c) Lynn Welk; (d) Lawrence Welk; and (e) Jeffrey Hill.

> Fed. R. Civ. P. 13(a)(1) states:
>
> A pleading must state as a counterclaim any claim that — at the time of its service — *the pleader has against an opposing party if the claim*:
>
> (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and
>
> (B) does not require adding another party over whom the court cannot acquire jurisdiction.

(emphasis added).

Neither Lynn Welk, Lawrence Welk, or Jeffrey Hill are parties to this lawsuit. Although all three are named in a Third Party Complaint filed by Defendant, they have yet to be served with the complaint and have not appeared in this matter. Because they are not parties to this lawsuit, a counterclaim is not appropriate at this time and it is recommended that the counterclaims against

Lynn Welk, Lawrence Welk, and Jeffrey Hill be dismissed without prejudice. Both Kristen Kuelbs and Kim Hill are parties to this lawsuit and it is recommended the counterclaim against those parties be allowed.[1]

### B. Third Party Complaint

Defendants also filed an Amended Third Party Complaint. (Doc. No. 32). This complaint includes causes of action based on malicious prosecution, abuse of process, defamation, false light invasion of privacy, breach of contract, intentional infliction of emotional distress, tort of outrage, interference with a contractual right, fraud and deceit, and constructive fraud. (Doc. No. 32, Pgs. 26-36). Defendants named as Third Party Defendants the following: (a) Kim Hill; (b) Kristen Kuelbs; (c) Lynn Welk; (d) Lawrence Welk; and (e) Jeffrey Hill; (f) American Century Brokerage Inc.; and (g) American Century Investments; (h) American Century Services, LLC.

Defendants have not served any of the named Third Party Defendants with this complaint, and as a result, none of the Third Party Defendants have appeared. It is therefore premature for Plaintiffs to seek a dismissal of this complaint until such time that it is served and these putative Third Party Defendants have appeared. It is recommended the Plaintiff's Motion to Dismiss Third Party Complaint be denied.

### 3. Conclusion

I therefore recommend Plaintiff's Motion to Dismiss Amended Counterclaim be **GRANTED** in part and **DENIED** in part. As to Lynn Welk, Lawrence Welk, and Jeffrey Hill, Plaintiff's Motion to Dismiss Amended Counterclaim should be **GRANTED** and the Amended Counterclaim should

---

[1] The Court is not addressing whether or not Plaintiff Kim Hill can be named as a counter defendant when she is appearing only in her representative capacity. Plaintiff did not raise this issue in the motion to dismiss counterclaim as to Kim Hill.

be dismissed without prejudice as to those individuals. It is also recommended Plaintiff's Motion to Dismiss Amended Counterclaim be **DENIED** as to Kriten Kuelbs and Kim Hill**.** I further recommend Plaintiff's Motion to Dismiss Amended Third Party Complaint be **DENIED.**

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **26th day of May, 2010.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE